# Exhibit 4

JAMS ARBITRATION
----------------------------------------------------------------X
SHAWNELLE KING and JAHMIA PHILLIPS,

                                Claimants,

     - against -

STAGE 29 PRODUCTIONS, LLC a/k/a INSIDE-OUT
MEDIA LLC,

                                Respondent.
----------------------------------------------------------------X

JAMS Case No. 1425034531

# FINAL AWARD

Counsel for Claimant:
Nnenna Onua, Esq., nonua@mckinleyonua.com, 718-797-0640

Counsel for Respondent:
Christopher Chatham, Esq., CChatham@manatt.com, 310-312-4159
Andrew Satenberg, Esq., ASatenberg@manatt.com, 310-312-4159
Douglas J. Smith, Esq., DJASmith@manatt.com, 202-585-6508

## Introduction

Shawnelle King and Jahmia Phillips, Claimants in this action, assert claims of employment discrimination against Respondent, Stage 29 Productions, LLC (Stage 29). King and Phillips previously asserted these claims in a civil complaint filed in the United States District Court for the Southern District of New York under Docket Number 19-cv-9549 (the "federal action"). Dkt. Entry 1.[1] Respondent moved to stay that action and compel arbitration. By Order dated July 1, 2020, then Chief Judge McMahon, the United States District Judge presiding over the case, granted Respondent's motion and issued an order compelling arbitration and staying the case. Dkt. Entry 27. King and Phillips then commenced this arbitration proceeding by filing a demand dated March 27, 2021.

---

[1] "Dkt. Entry" refers to the docket entry numbers on the PACER docket sheet for the federal action.

## Procedural History

Scheduling Order No. 1 was issued on June 15, 2021. That Order provided for fact discovery to be completed by December 30, 2021 and scheduled a hearing for the week of April 4, 2022. Unfortunately, and due at least in part to unforeseeable circumstances, discovery has never been concluded and no hearing has been held.

First, Claimants' original counsel withdrew. Scheduling Order No. 2, dated November 4, 2021. After new counsel appeared, a revised case management schedule was entered. Scheduling Order No. 3, dated January 27, 2022. This new schedule extended the time for completing discovery to July 29, 2022, set a schedule for expert discovery, and adjourned the previously-scheduled hearing without date.

Several further adjournments were sought by the parties. By Order dated August 11, 2022, I extended the time for completing fact discovery to October 31, 2022 and the time for disclosing expert reports to December 15, 2022. Scheduling Order No. 5. I granted further extensions to February 28, 2023 for completing fact discovery and April 14, 2023 for the exchange of expert reports in Scheduling Order No. 6, dated October 22, 2022. By Order dated November 7, 2022, I scheduled an Arbitration Hearing for December 11 through 14, 2023. Scheduling Order No. 7. The time for completing fact discovery was subsequently adjourned yet again, this time to June 1, 2023, and the time to exchange expert reports was extended to September 1, 2023. Scheduling Order No. 8, dated February 22, 2023.

On June 7, 2023, Respondent filed a motion seeking sanctions against Claimant Phillips and her counsel. Respondent argued in support of its motion that Phillips failed to appear for a scheduled deposition. I directed Claimant to submit opposition to the motion by June 15, 2023 and allowed Respondent until June 22, 2023 to submit a reply. Claimant, however, failed to

submit any opposition to the motion.  On June 29, 2023, I issued a Memorandum and Order that, for the reasons stated therein, awarded $5,126.08 to Respondent.  Mem. and Order dated June 29, 2023.

A status conference was conducted by telephone on July 14, 2023.  At that time, counsel for Claimants indicated that Phillips would likely withdraw her claims but also intended to move to vacate my Order awarding $5,126.08 to Respondent.  I directed Phillips to submit a status report indicating whether she intended to pursue her claims by July 21, 2023, and to file any motion to vacate by July 31, 2023.  Scheduling Order No. 10, dated July 14, 2023.  Counsel for Claimants further indicated that, since commencing this action, Claimant King had died.  I directed counsel to submit a report on the status of her efforts to determine whether King's estate planned to pursue King's claims by August 11, 2023.  Scheduling Order No. 10.

Claimants did not comply with Scheduling Order No. 10 or communicate in any way with me or, at least as reported by Respondent's counsel, opposing counsel.  Accordingly, I scheduled a status conference to be held by telephone on September 22, 2023.  At that time, counsel for Claimants confirmed that Claimant Phillips sought to discontinue her claims, and I directed that Phillips submit a stipulation doing so, or a letter explaining why she could not, by October 9, 2023.  Scheduling Order No. 11, dated September 25, 2023, ¶ 1.  Counsel for Claimants also reiterated that Phillips sought to vacate my Order of June 29, 2023, and I extended the time for her to file her motion to vacate to October 9, 2023.  Scheduling Order No. 11, ¶ 3. Finally, Claimant's counsel reported that a Notice of King's death had been filed in the stayed federal action, and I directed counsel to file a copy of that document in this action.  Scheduling Order No. 11, ¶ 2.

On September 27, 2023, Claimant's counsel filed in this action a copy of the Notice of Death she had filed in the federal court. As of this date, however, Claimant's counsel has not filed a stipulation or letter on behalf of Phillips or submitted a motion to vacate my Order of June 29, 2023.

On October 12, 2023, Respondent submitted what it styled as a Notice and Request for Dismissal. Respondent's motion seeks three elements of relief.[2] First, Respondent seeks dismissal of King's claims with prejudice based on the Notice of Death originally filed in the federal action and subsequently filed in this Arbitration. Second, Respondent seeks dismissal with prejudice of Phillip's claims for failure to prosecute. Finally, Respondent seeks an Order setting a date by which payment of the amount awarded in the June 23, 2023 Order must be made. Although Respondent's motion was submitted more than two weeks ago, neither Claimant has submitted any opposition or otherwise responded to any aspect of the motion.

**Discussion**

**A. The Claims of Shawnelle King Must, under Applicable Federal Law, Be Dismissed with Prejudice**

As noted above, Claimant's counsel filed a Notice of Death in the federal action informing the Court of the death of Claimant King. The Notice was filed on May 8, 2023, and invokes Federal Rule of Civil Procedure 25(a)(1). Dkt. Entry 33. Rule 25(a)(1) provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[2] Respondent's motion in fact seeks four elements of relief. One, however—cancellation of the hearing scheduled for December 11 through 14, 2023—has already been granted.

By Memo Endorsement dated May 9, 2023, the Court in the federal action entered the following Order:

> The Notice of Suggestion of Death invokes Rule 25(a), F.R.Civ.P. A motion for substitution must be made within 90 days by "any party or by the decedent's successor or representative." If no such motion is made, the claims asserted by Shawnelle King "*must*" be dismissed. The 90 day period runs on Monday, August 7. The period cannot be extended. Please become familiar with the Rule.

Dkt. Entry 34.

No motion for substitution has been made in the federal action or in this arbitration proceeding. The time for doing so has expired, and the action by King must, therefore, be dismissed. Accordingly, the claims of Shawnelle King are dismissed with prejudice.

**B. The Claims of Jahmia Phillips Should Be Dismissed with Prejudice**

As indicated above, Phillips failed to appear for her deposition in this proceeding. According to her counsel, Phillips seeks to withdraw her claims. Although given ample opportunity over several months either to stipulate to the dismissal of her claims or indicate that she in fact intends to pursue them, Phillips has failed to communicate her intentions and instead has repeatedly ignored deadlines I have imposed. Phillips has also failed to submit any opposition to Respondent's pending motion or seek additional time in which to do so.

For these reasons, it seems plain that Phillips has abandoned her claims and has no intention of participating in this arbitration. Accordingly, it is proper to dismiss her claims with prejudice.

**C. A Final Award Directing Phillips to Pay Respondent Should be Entered**

On June 29, 2023, I issued a Memorandum and Order that, for the reasons stated therein, awarded $5,126.08 to Respondent. The amount has not been paid. Upon the issuance of this Award, no claims will remain pending. Accordingly, this ruling on Respondent's motion will be

entered as a Final Award and will direct Claimant Phillips to pay Respondent the total sum of $5,126.08.

**Conclusion and Final Award**

On October 30, 2023, I circulated a draft version of this Final Award to all counsel and directed that they advise me of any objections to any aspect of the Award by November 3, 2023. Counsel for Claimants has not submitted a response of any kind. Counsel for Respondent did submit a response which offered some helpful corrections to typographical errors but raised no objections to the substance or form of the draft Award. Accordingly, and for the reasons stated above,

1. All claims brought by Shawnelle King are dismissed with prejudice;

2. All claims brought by Jahmia Phillips are dismissed with prejudice;

3. Claimant Jahmia Phillips is ordered to pay Respondent Stage 29 Productions, LLC the total sum of $5,126.08; and

4. This Award resolves all issues submitted for decision in this proceeding.

SO ORDERED.

*Steven M. Gold*

Steven M. Gold
Arbitrator

November 6, 2023

State of New York)
County of New York)

I, Steven M. Gold, do hereby affirm that I am the Arbitrator described in, and who executed, this instrument, which is my Final Award.

November 6, 2023

*Steven M. Gold*
Steven M. Gold
Arbitrator